(50 Misc. Rep. 650)

## ROSS v. NEW ENDICOTT CO.

(Supreme Court, Appellate Term.   April 24, 1906.)

JUDGMENT—CONFORMITY—FACTS AND EVIDENCE.

    Where in an action for services the only question litigated was the authority of the defendant's engineer to employ plaintiff, and the court found in plaintiff's favor on such question, it was error to give him judgment for only half his claim.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Frederick C. Ross against the New Endicott Company. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

George P. Breckenbridge, for appellant.

Richard T. Greene, for respondent.

SCOTT, P. J. Plaintiff sues for $97, claimed to be due for work performed at defendant's hotel. He was employed by defendant's chief engineer, and the only question litigated or sought to be litigated by defendant was the engineer's authority to employ plaintiff. If the engineer was vested with the authority to make the employment, the plaintiff was entitled, under the evidence, to the amount for which he sued. For some reason not apparent upon the record, the learned justice, while finding in plaintiff's favor upon the question of employment, gave him judgment for exactly one-half of his claim. The defendant does not appeal, and we are therefore not called upon to consider its exceptions, nor to examine the question whether or not the defendant's engineer had the extent of authority claimed for him. On plaintiff's appeal, however, we must reverse the judgment for inadequacy and inconsistency. If the plaintiff was entitled to recover at all, he was entitled to all he sued for. Since the court had found that he was entitled to recover something, it was error to cut his claim in two.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.