### PHILLIPS v. SILVERZWEIG.

#### (Supreme Court, Appellate Term. February 4, 1907.)

APPEAL—JUDGMENT NOT BASED ON EVIDENCE.

Where, under the evidence, plaintiff, if entitled to recover at all, should have had judgment for $100, with a possible deduction of $30, a judgment for him for $50 will be reversed, on defendant's appeal, as unauthorized.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3944.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Felix Phillips against Herman Silverzweig. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

H. B. Davis, for appellant.
Walter A. Saxon, for respondent.

GILDERSLEEVE, J. On September 1, 1906, the parties to this action entered into a written agreement by which the plaintiff agreed to pay $950 for the purchase price of the contents of a cigar store owned by the defendant. The plaintiff paid the sum of $100, as the agreement stated, "on account," and agreed to pay the balance of $850 on September 15, 1906. The plaintiff also agreed to pay the broker's commission. This action was brought to recover the amount of such deposit. The court below gave a judgment for the plaintiff for $50. This was error. Under the testimony the plaintiff, if entitled to recover at all, should have had a judgment for the sum of $100, possibly less the broker's commission of $30, which the defendant had concededly paid, or the defendant should have had a judgment in his favor on the merits. There certainly is no foundation for the judgment as given, and it must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.