### TUTTMAN v. TRIGGER.

#### (Supreme Court, Appellate Term.  April 10, 1907.)

JUDGMENT—CONFORMITY TO PLEADINGS AND PROOFS.

> Where, in an action for goods sold, the only question litigated was whether the transaction was an absolute sale or whether the goods were purchased on memorandum, a judgment was erroneous which allowed the defendant to retain the entire invoice and required him to pay for only a part.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Israel Tuttman against Samuel Trigger.  From a judgment for plaintiff, he appeals.  Reversed and remanded.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Louis A. Brown, for appellant.

ERLANGER, J.  In an action to recover $52.80 for goods sold and delivered in March, 1906, judgment was awarded to plaintiff for $30 damages and $2 costs.  Both plaintiff and his salesman testified to the transaction.  The defendant, however, insisted that he purchased the goods on memorandum, with the privilege of returning all or any portion not sold by him.  No time for the return was given, and, if he is to be believed, he could return all or a part whenever it pleased him so to do.  In our view, the defendant's story is not only improbable, but is contradicted by common experience.  The bills, which it was conceded were received by him, show an absolute sale. If the goods had been delivered merely on memorandum, the fact would have been made to appear on the bills; but, instead of returning them, he made no objection and retained them, and, when asked why they were not returned, his answer was that he always kept bills without objection.  The quaint manner in which he transacted the business appears from the following:

"Q. You never returned them [the bills]?
"A. Why should I return them, and pay car fare?"

While the trial court had the benefit of hearing and observing the witnesses, a fact which is borne in mind by this court in disposing of this simple appeal, we nevertheless feel that the judgment awarded is not justified by the proof.  Plaintiff was either entitled to his full claim or to nothing.  Ross v. Endicott Co., 50 Misc. Rep. 650, 98 N. Y. Supp. 758; Phillips v. Silverzweig (Sup.) 102 N. Y. Supp. 459. The evidence warranted neither a compromise nor a concession to the defendant.  He kept the goods for months, and should be required to

pay for them. Under the judgment, he retains the entire invoice and is directed to pay for only a part.

The judgment is reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.